**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CINDY LOU MILLER,

                Plaintiff,

                                                CIVIL ACTION

v.

                                                No: 08-2005-KHV-GLR

KANSAS UNIVERSITY HOSPITAL
AUTHORITY,

                Defendant.

**MEMORANDUM AND ORDER**

Plaintiff asserts claims against Defendant under the Americans With Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). The Court has before it Plaintiff's Motion for Leave to File First Amended Complaint (doc. 18), filed pursuant to Fed. R. Civ. P. 15. Defendant opposes the motion as prejudicial and futile. As set forth below, the motion is sustained in part and denied in part.

**I.       Standard for Ruling on Motions to Amend**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that, after the time for amending the pleadings as a matter of course has passed, a party may amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[1] The decision whether to allow a proposed amendment after the permissive period is within the discretion of the court.[2] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[3] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[4]

A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted.[5] In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[6]

The court will dismiss for failure to state a claim only when "it appears beyond a doubt that the [party] can prove no set of facts in support of his claims which would entitle him to relief,"[7] or when an issue of law is dispositive.[8] The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the claimant.[9] The issue in resolving a motion such as this is "not whether

---

[3]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[4]*Woolsey*, 934 F.2d at 1462 (citations omitted).

[5]*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D. 662, 664 (D. Kan. 2003); *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995).

[6]*Sheldon v. Vermonty,* 204 F.R.D. 679, 682 (D. Kan. 2001).

[7]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

[8]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[9]*Smith v. Plati,* 258 F.3d 1167, 1174 (10th Cir. 2001).

the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[10]

## II.  Discussion

Defendant argues that the motion should be denied on grounds of prejudice and futility, as the proposed Amended Complaint alleges a health condition that was not administratively exhausted. The proposed Amended Complaint includes the claim that Plaintiff suffers from an alleged disability of Hepatitis C infection. Defendant contends Plaintiff should have known of that claim when she filed her original Complaint and failed to plead it or to disclose it when the administrative agency reviewed her charge of discrimination. Defendant argues, therefore, that Plaintiff has thus failed to exhaust her administrative remedies with regard to her ADA discrimination and retaliation claims on the basis of the alleged Hepatitis C condition. Defendant contends it would be futile to allow her to assert those claims, as they would be subject to dismissal.

In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the ADA.[11] To exhaust administrative remedies, a plaintiff generally must present her claims to the EEOC or authorized state agency (in Kansas, the Kansas Human Rights Commission [KHRC]) as part of her timely filed administrative EEOC charge and receive a right-to-sue letter based on that charge.[12] The charge "shall be in writing and signed

---

[10]*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002).

[11]*McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002).

[12]*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999); *see also Jones v. Runyon*, 91 F.3d 1398, 1399-1400 (10th Cir. 1996).

and shall be verified,"[13] and must, at a minimum, identify the parties and "describe generally the action or practices complained of."[14] The charge informs the EEOC or KHRC of what to investigate, provides it the opportunity to conciliate the claim, and gives the charged party notice of the alleged violation.[15] The requirement to present claims in an EEOC or state agency charge as a prerequisite to bringing suit serves the dual purposes of ensuring the administrative agency has the opportunity to investigate and conciliate the claims and of providing notice to the charged party of the claims against it.[16] The plaintiff must have raised before the EEOC or KHRC every issue she now brings, or any additional claim must be "reasonably related" to the claims that she did bring before the EEOC.[17]

"When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC."[18] A claim is considered "reasonably related" when "the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made."[19]

---

[13] 29 C.F.R. § 1601.9.

[14] 29 C.F.R. § 1601.12(b).

[15] *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997).

[16] *See id.; Zhu v. Fed. Hous. Fin. Bd.,* 389 F. Supp. 2d 1253, 1276 (D. Kan. 2005).

[17] *See Jones v. Denver Post Corp*., 203 F.3d 748, 755 (10th Cir. 2000) (citing *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997)).

[18] *Ingels v. Thiokol Corp*., 42 F.3d 616, 625 (10th Cir. 1994).

[19] *Mitchell v. City & County of Denver*, 112 Fed. Appx. 662, 667 (10th Cir. 2004).

In *Moore v. City of Overland Park*,[20] the plaintiff alleged that the defendant discriminated against her based on her disabilities of diabetes, nicotine addiction, and a central nervous disorder. However, the only disability the plaintiff identified in her charge of discrimination and her EEOC affidavit was diabetes.[21] The court found the plaintiff could not maintain the discrimination claims based on nicotine addiction and the central nervous disorder because her administrative complaint did not mention those alleged disabilities, and because the plaintiff offered "no basis from which the court could conclude that her disability discrimination claim based on her diabetes is like or reasonably related to her disability discrimination claims based on her alleged nicotine addition or central nervous disorder."[22]

In this case, the only disability mentioned in Plaintiff's original Complaint, filed on January 3, 2008, is post-traumatic stress syndrome. She makes no mention of a Hepatitis C condition. Nor does her EEOC Intake Questionnaire mention any disability other than post-traumatic stress syndrome. Plaintiff does not dispute the contention that she failed to plead or disclose a Hepatitis C condition during the review of her discrimination charge by the administrative agency. Post-traumatic stress syndrome and Hepatitis C constitute separate, distinct impairments. Plaintiff offers no basis from which the Court could conclude that her claim of disability discrimination based on post-traumatic stress syndrome is like or reasonably related to her claim based on her alleged condition of Hepatitis C. The Court finds that this

---

[20]950 F. Supp. 1081, 1086 (D. Kan. 1996).

[21]*Id.*

[22]*Id.*

condition is not sufficiently related to Plaintiff's claim of discrimination based on post-traumatic stress syndrome raised in her EEOC charge and set forth in her original complaint. Plaintiff has failed to exhaust her administrative remedies with regard to her ADA discrimination and retaliation claims on the basis of the alleged Hepatitis C condition, and those claims would be subject to dismissal. It would therefore be futile for Plaintiff to amend her complaint to add allegations relating to her Hepatitis C condition.

Although it would be futile for Plaintiff to add allegations relating to her Hepatitis C condition, the Court finds that Plaintiff should be permitted to otherwise file her Amended Complaint. She filed her original complaint, apparently without assistance of counsel, and while proceeding *pro se*. She now has appointed counsel. The Court has previously suggested in the order of appointment that counsel consider filing an amended complaint. The interests of justice are best served by granting Plaintiff leave to file a revised Amended Complaint, but provided that she remove all references and allegations to her Hepatitis C condition.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to File First Amended Complaint (doc. 18) is sustained in part and denied in part. Plaintiff may file her First Amended Complaint, attached as an Exhibit to her motion, provided that Plaintiff first removes all references to her Hepatitis C condition. The revised First Amended Complaint shall be filed within ten (10) days of the date of this Order.

Dated in Kansas City, Kansas on this 18th day of July 2008.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

6